MARGARET GREEN, Respondent, v. CHICAGO, BUR-LINGTON & QUINCY RAILROAD COMPANY, Appellant.

In the Kansas City Court of Appeals, April 30, 1923.

1. **TRIAL PRACTICE: Demurrer: On Demurrer Plaintiff's Evidence is Accepted as True.** In passing upon a demurrer the trial court must accept plaintiff's testimony as true.

2. **RELEASE: Settlement: Tender: Where There Was no Meeting of Minds on Contract of Settlement, Tender Back of Consideration Paid Was Not a Condition Precedent to Institution of Suit, no Tender Being Necessary Under Circumstances.** In an action for damages for personal injuries where plaintiff signed a release which claim agent represented, and which she believed to be a receipt for part payment of hospital bill, it was not necessary as a condition precedent to the institution of the suit that plaintiff should have tendered back consideration received for release, as under the facts and circumstances there was no meeting of minds on the contract of settlement or release, and therefore, no tender was required.

3. **APPEAL AND ERROR:** Where There Was Sufficient Evidence to Support Finding of Jury That Instrument Signed by Plaintiff Was Not a Valid Release, the Finding Will Not be Disturbed on Appeal. Where jury found that the instrument signed by plaintiff was not a valid release of her claim, the appellate court is not authorized to disturb that finding.

4. **NEGLIGENCE:** Carriers: Passenger Injured by Falling as She Stepped, in Alighting from Train, Onto a Foot-box Which Overturned, Held Not Guilty of Contributory Negligence as a Matter of Law. Where plaintiff, a passenger, was injured by falling as she stepped, in alighting from a train, onto a foot-box which was negligently placed in an unsafe position, and thereby caused to overturn, plaintiff *held* not guilty of contributory negligence as a matter of law.

5. ———: ———: Pleading: Instructions: An Instruction Held Not Erroneous as Being Broader Than Issues Pleaded in the Petition. In an action by a passenger for injuries as result of falling as she stepped in alighting from a train, onto a foot-box which overturned, where petition alleged negligence in placing the box, and that box was so "insecure and defective that when plaintiff stepped on same the box turned and caused plaintiff to be thrown," an instruction to find for plaintiff if defendant's servants negligently placed the box in an unsafe and dangerous position, or negligently permitted the same to become and be in an unsafe and dangerous position, *held* not erroneous as being broader than the issues pleaded in the petition.

6. **INSTRUCTION:** An Instruction Submitting Act of Negligence Not Alleged in Petition or Supported by Proof, Held Erroneous. Where there was no charge in the petition as to certain act of negligence, and no proof in support thereof, an instruction based thereon was erroneous.

Appeal from the Circuit Court of Buchanan County.—
*Hon L. A. Vories,* Judge.

REVERSED AND REMANDED.

*Miles Elliott* and *Duvall & Boyd,* for respondent.

*H. J. Nelson, J. A. Lydick, J. G. Trimble* and *E. M. Spencer* for appellant.

ARNOLD, J.—This is a personal injury suit. Plaintiff, a woman about fifty-nine years of age and weighing approximately 204 pounds, was alighting from one of de-

fendant's passenger trains at its station at Quincy, Ill., on April 26, 1921. It was raining and the station platform was wet. After the train had come to a stop, plaintiff undertook to alight therefrom and, according to her testimony, she was the second person to leave the train. Defendant's testimony is to the effect that several persons had preceded her in alighting from the train.

The platform was flush with the top of the track rail and the brakeman placed the foot-box on the platform for the use of passengers in descending the steps of the coach. Plaintiff testified that when the man immediately ahead of her stepped on the foot-box, "it kind of turned under the coach step," "was kind of tilted like," or "slipped and went under a little bit," so that only part of it extended out beyond the coach step, leaving a limited surface of the foot-box upon which plaintiff could step. When plaintiff noticed this she hesitated while on the coach step, and the brakeman called to her to "come on, come on!" Whereupon she handed her traveling bag to the brakeman and proceeded to step from the lower coach step onto the foot-box, and when she stepped on the box it went from under her and she fell and was injured. She was taken into the ladies' waiting room at defendant's station, and in about ten minutes thereafter was sent to Blessing Hospital in Quincy where she remained for twelve days and was then discharged and proceeded to her destination. The injury occurred on Thursday and on the following day she was visited by one L. P. Hill, a claim agent for defendant company. While in the hospital plaintiff was attended by Dr. W. H. Baker, a surgeon for the defendant company. On Monday following the accident, the claim agent Hill again called upon plaintiff at the hospital, having with him a release, previously prepared, excepting the space for the amount to be filled in, which was left in blank.

At this point the testimony diverges, defendant contending that the instrument presented to, and signed by plaintiff for the payment of $100 was a release of all claims, while plaintiff insists that she understood it to be a receipt for money given her for part payment of

her hospital expenses, and that the claim agent so stated. Also defendant insists that the instrument was correctly read to plaintiff in the presence and hearing of plaintiff's nurse. Plaintiff charges that because of her deafness and suffering from pain, she was unable to hear and understand the purport of the instrument signed by her. The document in question was introduced in evidence and on its face it is a release by plaintiff of all claims against the defendant on account of said injury.

On being released from the hospital, plaintiff proceeded to the home of her daughter at Lakenan, Mo., and while there was visited by one of her counsel and a contract of employment was entered into between them for the institution of this suit. Plaintiff afterwards visited St. Joseph, Mo., and on May 19, 1921, this suit was filed in the circuit court of Buchanan County.

The petition charges negligence in that "defendant, its agents, servants and employees had so carelessly and negligently placed said box, step and stool and said box and stool was so insecure and defective that when plaintiff stepped on the same the said box, step and stool slipped and turned and caused plaintiff to be thrown with great force and violence against and upon the platform of defendant's station. . . ." The petition further charges fraudulent intent on the part of defendant in procuring plaintiff's signatures to the purported release. Judgment was asked in the sum of $30,000.

The amended answer admits the corporate status of defendant; that plaintiff was a passenger on one of defendant's trains, and that she fell and was injured on the date and at the place mentioned in the petition, and generally denies all other allegations of the petition; enters a plea of contributory negligence, and sets up the release above referred to, and especially denies that in making said settlement defendant made any effort to cheat, wrong, or defraud plaintiff and denies that it did so wrong and defraud her.

The reply was a general denial.

At the close of plaintiff's evidence, and again at

the close of all the evidence, the court refused to sustain demurrers offered by defendant. The case was submitted to the jury, resulting in a verdict and judgment for plaintiff in the sum of $4000. After unsuccessful motions for a new trial and in arrest, defendant appeals.

For its first assignment of error, defendant charges (1) that the suit was prematurely brought; (2) that there was no evidence of fraud in procuring the release, and (3) that plaintiff was guilty of such contributory negligence as to be a bar to her recovery. The first of these charges is based upon the fact that plaintiff failed to tender refundment of the $100 paid her by defendant prior to the bringing of the suit.

In support of the rule to the effect that tender must be made before suit is brought, defendant cites Reed v. John McGill & Sons, 212 S. W. 43, l. c. 45. Plaintiff's evidence was that the claim agent told her that the paper she signed was a receipt for part payment of the hospital bill, that she was suffering so she could not read the paper and could not hear as the agent read it; that she believed what the claim agent said about it, and that she understood it was a receipt she was signing.

In passing upon a demurrer, the trial court must accept plaintiff's testimony as true. This rule is so well established as to require no citations. Counsel for plaintiff insist, and we think properly, that it is well established by the authorities that under such facts and circumstances, there was no meeting of minds on the contract of settlement, or release, and that therefore no tender was necessary.

We think this question was properly decided in the case of Malkmus v. St. Louis Portland Cement Co., 150 Mo. App. 446, 131 S. W. 148. In that case, as in this, the suit was for personal injuries and defendant set up a release. Plaintiff alleged he did not release his cause of action and that although defendant paid him $65 at the time in question, he executed only a receipt therefor, and that the $65 was a present from defendant to remunerate plaintiff for the amount of wages lost by him. The court held:

" 'The question is whether the writing in the form of a release has acquired original validity as a contract, and is a legal question.' We believe the rule is universal to the effect that in all of those cases where the fraud inheres in the execution of the instrument and is of a character which wholly prevents a contract in the first instance a plaintiff thus imposed upon is not required to pay or tender the amount received as a prerequisite to his right to sue on the cause of action said to have been released, for in such cases he neither affirms a release nor seeks its cancellation, but proceeds on his cause of action as though no contract had ever been entered into touching an acquittance. . . . It appearing plaintiff was deceived and led to sign a release when he understood he was executing a mere receipt, he obtained no money as a result of a contract in the first instance which he is required to repay or tender as a prerequisite to prosecuting this action which was at no time acquitted."

The case of Loveless v. Cunard Mining Co., 201 S. W. 375, is to the same effect. [See cases therein cited.] Our attention also is called to the case of McCoy v. Construction Co., 216 S. W. 770, where it is said by BLAIR, J., l. c. 772:

"Before the rule requiring tender before suit becomes applicable there must be a release. If the instrument or agreement relied upon never existed in fact or is void at law, no tender can be required. Fraud in the *factum* renders the contract void, and no tender is necessary. Fraud in the treaty renders it merely voidable, and, absent some other ground dispensing with the rule, tender is prerequisite to an action on the original cause."

The facts of the case of Reed v. McGill et al., supra, to which our attention is called by defendant, differ materially from the facts now before us. In that case the plaintiff knew he was signing a release, while here we think the plaintiff did not understand what she was signing; that there was no meeting of minds, and therefore no contract, and that no tender of the amount was necessary.

Now as to whether there was evidence of fraud, we

must refer to plaintiff's testimony. She testified that defendant's claim agent told her the paper she was signing was a receipt. The instrument was a purported release. The jury found that the instrument was not a valid release, and we are not authorized to disturb that finding. As was said by the court in the Loveless case, supra, l. c. 377: "The trial court found that the written instrument offered in evidence as a release did not express the contract, and there was sufficient evidence to support this finding, and by this we are bound."

Defendant insists that plaintiff should have read the instrument before signing it and that she showed lack of ordinary care in not doing so. Plaintiff testified that she was in so much pain that she could not read it. The jury had all the facts before them and found for plaintiff. In our opinion, the holding in the case of Hall v. Railroad Co., 209 S. W. 582, does not conflict with our rulings here. In that case the court said: "There was no evidence or inference in the evidence that plaintiff's illness was so great that it rendered him past understanding what he signed, had the release been read to him." The distinction between that case and this is obvious.

Defendant further urges that plaintiff was guilty of contributory negligence, and that therefore its demurrer should have been sustained. Plaintiff's testimony was that when she stepped to the lower step of the coach she hesitated, and when asked why, she stated that she saw the foot-box was not in proper position, and she was afraid, but that the brakeman called ":Come on, come on!" and thinking he knew his business, she stepped onto the foot-box. Had the brakeman not commanded plaintiff to come on, there might be a more substantial basis for defendant's contention on this point. This testimony is such that we are not warranted in declaring plaintiff guilty of contributory negligence as a matter of law. There was no error in submitting the case to the jury.

Defendant charges error in the action of the court below in giving plaintiff's instruction No. 2, the error

charged being that the said instruction is broader than the issues pleaded in the petition. That part of the instruction of which complaint is made is as follows: ". . . and you are further instructed that if you believe and find from the preponderance or greater weight of the evidence in this case, that the defendant's agent, servant or employee at said time negligently placed and set the said foot-box in an unsafe and dangerous position, or negligently permitted the same to become and be in an unsafe and dangerous position and that as a result thereof, if you so find the facts to be and while plaintiff was exercising ordinary care, if she was, the said foot-box was caused to turn when plaintiff stepped upon the same and as a direct result thereof, if you so find, plaintiff was thrown or caused to fall upon defendant's platform at said station and to be injured . . . then your verdict must be for the plaintiff."

As we read it, the petition contains no general charge of negligence, but does contain two specific charges of negligence, viz., (1) that "defendant, its agents, servants and employees had so carelessly and negligently placed said box, step and stool and (2) said box and stool was so insecure and defective that when plaintiff stepped on the same the said box, step and stool slipped and turned and caused plaintiff to be thrown," etc. The record discloses no evidence in any way tending to support the charge that the foot-box was carelessly and negligently placed and there can be nothing for our consideration in this respect. The clause in the instruction against which defendant directs its charge is that defendant ". . . negligently permitted the same to become and be in an unsafe and dangerous position." If this clause is warranted, it must be under the second charge of negligence included in either, or both, of the words *insecure* and *defective*. There was no testimony that the box was physically defective. The testimony is to the contrary. It must be concluded that the word *insecure*, as used in the petition, was used in connection with the word *defective*, and referred to the box and its physical condition. The instruction told the jury they might find

for plaintiff if they found either that the box was placed in a dangerous position "or negligently permitted . . . to become and be in an unsafe and dangerous position." In other words, the jury were told that although they might believe the box originally was properly placed, yet there might be a recovery if thereafter the employee negligently permitted the same to become and be in an unsafe and dangerous position—and there is no such allegation in the petition. The charge in the petition implies that the said box was insecure and defective because "carelessly and negligently placed." There is no proof that the box was insecurely placed, and we think these words are not sufficiently elastic in their meaning to warrant the clause "or negligently permitted the same to be in an unsafe and dangerous position," and that the giving of the instruction was erroneous.

Defendant complains of the amount of the verdict, but as the judgment will be reversed and the cause remanded because of error in instruction No. 2, as above stated, we need not enter into this question at this time. For the reasons above set forth, the judgment is reversed and the cause remanded for a new trial. All concur.